Note:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3220

RICHARD T. NG,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED:  December 13, 2004

_____

Before LOURIE, RADER, and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

Appellant Richard T. Ng (Mr. Ng) seeks review of a final order of the Merit Systems Protection Board (Board), Docket No. SF-1221-02-0674-W-1 (final order).  On March 5, 2004, the Board denied Mr. Ng's petition for review of an initial decision issued on December 19, 2002.  <u>Id.</u>  In the initial decision, the Board dismissed Mr. Ng's Individual Right of Action (IRA), filed pursuant to the Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (codified at various sections of 5 U.S.C. (1994)) (WPA).  <u>Ng v. Dep't of Treasury</u>, No. SF-1221-02-0120-W-1 (MSPB Dec. 19, 2002) (initial decision).  Because the Board prematurely decided the case based on the merits and because Mr. Ng made non-frivolous allegations that he engaged in whistleblowing

activity protected by 5 U.S.C. § 2302(b)(8), this court <u>vacates</u> and <u>remands</u> for a hearing on the merits.

BACKGROUND

Mr. Ng filed this IRA appeal alleging that retaliatory action was taken against him because he made disclosures protected under 5 U.S.C. § 2302(b)(8). The Department of Treasury (Treasury) moved to dismiss upon the basis that the disclosures he alleged were not protected. The Board granted Treasury's motion to dismiss. The Board considered six specific allegations of protected disclosures Mr. Ng raised, as follows:

(1) Alleged that Gloria Gandara, President of Union Chapter 107 colluded with management to coerce me to terminate the EEO process, terminate my duties as union steward.

(2) Complained to TIGTA [Treasury Inspector General for Tax Administration] (1) threat by manager Charles Wong: "Fixed me" (2) concede a tax issue with no justification (3) Richard Davega's abuse of authority when he violated my privacy rights by discussing my EEO complaints to all managers on 2/24/00 in a branch meeting (4) Dee Woodard's misconduct by fraudulently coerced taxpayer to sign an extension. On July 12, 2000, I complained further to TIGTA regarding Charles' harassment.

(3) On October 12, 2000, I complained to my acting manager Victor Aguilar and TIGTA regarding management's attempt to destroy records from case file of taxpayer.

(4) On April 12, 2000, I complained to TIGTO and Secretary O'Neill (1) sexual harassment by Richard Davega (2) Management's favoritism by promoting the culprits (3) Richard Davega coerced an EEO counselor to change the EEO report (4) asked Secretary O'Neill to investigate and impose sanction on Richard Davega for Act Section 1203(b) violation. On June 4, 2001, I report to TIGTA regarding Richard Davega's sexual harassment to a manager also.

(5) On August 21, 2001, I complained to Alana Casey and copies sent to Secretary O'Neill & Commissioner (1) management harassed other employees (2) complained my evaluation (3) Alana Casey, the territory manager is incompetent (4) Richard Davega misconduct which include sexual harassment.

04-3220                                    2

(6)     On September 17, 2001, I complained to TIGTA regarding Richard Davega's misuse of administrative time to prepare the lawsuit filed against him by manger Alice Shiotsugu.  Richard Davega is not allowed to use administrative time to prepare the forthcoming trial & lawsuit filed against him.

In its initial decision, the Board held that these disclosures did not constitute disclosures protected by 5 U.S.C. § 2302(b)(8).  Initial decision at 7.  The full Board denied review making the initial decision the final decision of the Board.  Final Order.

## DISCUSSION

This court must affirm any agency action, finding, or conclusions not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulations having been followed; or (3) unsupported by substantial evidence.  5 U.S.C. §7703(c) (2000), Hayes v. Dep't of Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

This court has held that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the Office of Special Counsel (OSC) and makes "non-frivolous allegations" that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371-1372 (Fed. Cir., 2001); Briley v. Nat'l Archives & Records Admin., 236 F.3d 1373, 1378 (Fed. Cir. 2001); Meuwissen v. Dep't of Interior, 234 F.3d 9, 12 (Fed. Cir. 2000); Schmittling v. Dep't of Army, 219 F.3d 1332, 1336 (Fed. Cir. 2000); Willis v. Dep't of Agric., 141 F.3d 1139, 1142 (Fed. Cir. 1998); see generally Spruill v. Merit Sys. Prot. Bd., 978 F.2d 679, 686-89 (Fed. Cir. 1992).

In this case, the Board's determination that Mr. Ng failed to make a non-frivolous allegation of Board jurisdiction was not in accordance with the law because the Board prematurely decided the case based on the merits. The Board should have only determined whether or not Mr. Ng's allegations were frivolous. For example, Mr. Ng alleged that on October 12, 2000 he "complained to [his] acting manager Victor Aguilar and TIGTA [Treasury Inspector General for Tax Administration] regarding management's attempt to destroy records from case file of taxpayer." Instead of determining whether or not this allegation was frivolous, the Board concluded the destruction of case file records did not rise to the level of disclosing gross mismanagement or an abuse of authority pursuant to 5 U.S.C. § 2302(b)(8) because such activity is within the ordinary supervisory functions of managers.

Another example is Mr. Ng's April 12, 2000 and June 4, 2001 allegations:

> On April 12, 2000, I complained to TIGTO and Secretary O'Neill (1) sexual harassment by Richard Davega (2) Management's favoritism by promoting the culprits (3) Richard Davega coerced an EEO counselor to change the EEO report (4) asked Secretary O'Neill to investigate and impose sanction on Richard Davega for Act Section 1203(b) violation. On June 4, 2001, I report to TIGTA regarding Richard Davega's sexual harassment to a manager also.

The Board concluded this disclosure did not meet the definition of 5 U.S.C. § 2302(b)(8) because it was "general and vague" and did not meet the requirements of McCollum v. Veterans Administration, 75 M.S.P.R. 449, 455-56 (1997) (an arbitrary and capricious exercise of power that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons). Initial decision at 4-5. Again, instead of discussing the frivolity of the allegations, the Board prematurely reviewed these allegations based on the merits.

Yet another example is Mr. Ng's September 17, 2001 allegation:

On September 17, 2001, I complained to TIGTA regarding Richard Davega's misuse of administrative time to prepare the lawsuit filed against him by manger Alice Shiotsugu. Richard Davega is not allowed to use administrative time to prepare the forthcoming trial & lawsuit filed against him.

The Board concluded that although these actions by managers may be of concern to Mr. Ng, they are not evidence of gross mismanagement or abuse of authority pursuant to 5 U.S.C. § 2302(b)(8). Id. at 6. The Board also found it persuasive that Mr. Ng did not state what rule and regulation Richard Davega was violating. Id. Once again, instead of determining whether or not Mr. Ng's allegation was frivolous, the Board disposed of this allegation on the merits.

In addition to determining that the Board prematurely decided this case on the merits, this court finds the above-mentioned allegations are non-frivolous. Therefore, this court finds the Board erroneously concluded it did not have jurisdiction and remands this case for a hearing on the merits.