NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3301

RICHARD T. NG,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Richard T. Ng, of Hacienda Heights, California, pro se.

J. Reid Prouty, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3301

RICHARD T. NG,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the Merit Systems Protection Board in SF1221040495-B-1, SF1221020674-M-1, and SF1221050575-W-1.

_____

DECIDED: February 7, 2008

_____

Before MAYER, LOURIE and RADER, Circuit Judges.

PER CURIAM.

Richard T. Ng appeals from the final decision of the Merit Systems Protection Board denying his request for corrective action. Ng v. Department of the Treasury, Nos. SF-1221-04-0495-B-1, SF-1221-02-0674-M-1, SF-1221-05-0575-W-1 (M.S.P.B. June 19, 2007). We affirm.

At the time relevant to this appeal, Ng was employed as a GS-12 Revenue Agent at the Internal Revenue Service ("agency"). Ng filed an appeal with the board in 2002, alleging that he had suffered reprisal for disclosures protected under the Whistleblower

Protection Act of 1989 ("WPA"), 5 U.S.C. § 2302(b)(8). The board dismissed his appeal, finding that he had failed to make non-frivolous allegations of disclosures protected under the WPA. This court, however, concluded that Ng's allegations were sufficient to establish board jurisdiction. Ng v. Department of the Treasury, 120 Fed. Appx. 794, 796-97 (Fed. Cir. 2004) (non-precedential decision). The case was remanded to the board for a hearing on the merits of Ng's claims. Id.

Ng filed two additional appeals with the board, both of which were joined to his initial appeal. After conducting two hearings, the administrative judge ruled in favor of the agency, concluding that "the agency established by clear and convincing evidence it had legitimate reasons for taking all of the challenged actions, and that the agency would have taken the same actions even if [Ng] had not made any protected disclosures." Ng v. Department of the Treasury, Nos. SF-1221-04-0495-B-1, SF-1221-02-0674-M-1, SF-1221-05-0575-W-1, slip. op. at 68 (M.S.P.B. Nov. 3, 2006). The administrative judge's decision became the final decision of the board on June 19, 2007.

This court's review of a board decision is limited by statute. We must affirm such a decision unless it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, obtained without required procedures, or not supported by substantial evidence. 5 U.S.C. § 7703(c); Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

Substantial evidence supports the board's determination that the agency established, by clear and convincing evidence, that it would have taken the same personnel actions against Ng even absent any disclosures protected under the WPA.

Ng asserts that the agency improperly placed him on administrative leave in 2001. The evidence showed, however, that Ng displayed disturbing pictures, including a graphic depiction of the Columbine massacre, and sent emails to various agency employees which alluded to death and indicated that Ng had instructed his family to file a wrongful death suit against the agency in the event Ng suddenly died. The board properly concluded that the agency had "significant, and well-founded, concerns" regarding Ng's mental health, and that the decision to place Ng on administrative leave was based not on any protected disclosure, but instead on the agency's legitimate concern that Ng might pose a danger to himself or others. Ng, slip op. at 30.

Ng also contends that he was denied several promotions because of disclosures protected under the WPA. The administrative judge, however, properly credited testimony from agency officials stating that Ng did not have the proper qualifications for certain positions, and that other applicants were better qualified for the remaining positions Ng sought. We conclude, therefore, that the board correctly determined that Ng would have been denied the promotions he sought even absent any protected disclosures.

Ng mounts several challenges to the administrative judge's credibility determinations. Determinations as to the credibility of witnesses, however, as well as the factual findings based thereon, are accorded great deference by this court. See Rogers v. Office of Personnel Management, 87 F.3d 471, 472 (Fed. Cir. 1996). Ng fails to establish that any of the board's credibility determinations were unsupported by the evidence.

We have considered Ng's remaining arguments. We conclude, however, that they are insufficient to justify reversal of the board's decision.